### FREEMAN *v.* COLLINS PARK & BELT RAILROAD CO.

There was error in only one of the charges complained of, and that was not sufficiently material to require the grant of a new trial.
The evidence warranted the verdict.

Argued January 14, — Decided February 7, 1903.

Action for damages.　Before Judge Reid.　City court of Atlanta.　February 1, 1902.

The plaintiff was a passenger on a trolley-car at night, and was injured by the car leaving the track and running against a wall. He alleged that the railroad company was negligent, in that the brake-chain was not securely fastened to the brake-rod, and the brake-rod was not in proper condition ; that the motorman and conductor failed to apply the brake or reverse the car or stop it, and the conductor pulled the trolley from the wire ; that the car was permitted to run at an unsafe rate of speed ; that the outside rail in a curve of the track was more elevated at one point than at the point where elevation was most needed ; and that the rails were old, worn, not properly joined, and unsafe.　The evidence tended to prove that the motorman, on approaching a cross-street and a

curve in the track, turned the brake-handle to apply the brakes to the front wheels. They did not apply, because (as was afterward discovered) a nut had slipped from a bolt that passed through the brake-staff and held the brake-chain, allowing the chain to drop, so that turning the handle would not wind up the chain. Finding that the brake did not work, the motorman, following his practice, rang the bell three times, thus giving the usual signal for the conductor to put on the rear brakes. Instead of so doing, the conductor pulled the trolley from the wire, extinguishing the lights on the car. The motorman then reversed the car, turned the controller handle round, shut it off, and shouted to the conductor to put on the rear brakes; but he did not do so. Doing so would have stopped the car. The car would have moved backward on being reversed, if the trolley had been on the wire. The motorman could have reversed and stopped the car immediately on finding that the brakes did not work in front, without signaling to the conductor. The conductor, according to his own testimony, did not hear the three-bell signal; if he had heard it he could have stopped the car; and the first he knew of anything wrong was that the trolley slipped from the wire, and he was trying to replace it when the derailment occurred. The evidence as to the condition of the car and the track tended to show that the car was new; that an examination of it, including the bolts and nuts, had been made on the night next preceding that of the derailment, and everything about it was found to be in good condition; and that the track was properly constructed, safe, and in good condition.

*Burton Smith*, for plaintiff.
*Rosser & Brandon*, for defendant.

FISH, J. B. F. Freeman sued the Collins Park & Belt Railroad Company for damages for personal injuries alleged to have been sustained by him by the running of the defendant's car while he was a passenger thereon. There was a verdict for the defendant, and the case is here upon a bill of exceptions sued out by the plaintiff, assigning error upon the overruling of his motion for a new trial. One ground of the motion for a new trial was, that the court erred in charging as follows: "The effect of the plea, gentlemen, is to put the burden of proof on the plaintiff, the party bringing the suit, to show to your satisfaction, by a legal preponderance of the

evidence in the case, that the allegations he makes are true." The error assigned upon this charge was, that it "required the plaintiff to make out in detail the allegations of negligence made by him, when in truth and in fact the law puts the burden upon the defendant of defending in detail the allegations made when it is once proven that plaintiff was injured." This instruction correctly stated the rule in cases of this character, when taken in connection with this additional charge given by the court, viz.: "If you believe the plaintiff was a passenger of the defendant, then the law would raise a presumption against the defendant company that it was negligent, and the burden would be on the defendant to rebut that presumption by showing it was not negligent, or that the plaintiff by the exercise of ordinary care on his part could have avoided the consequences to himself of the defendant's negligence, if that appears." Civil Code, § 5160; *Killian* v. *Georgia Railroad Co.*, 97 *Ga.* 730(3).

Another charge complained of was: "Still he can not recover if you believe that by the exercise of ordinary care on his part he could have avoided the consequences to himself of the defendant's negligence, if that appears," the assignment of error being that there was no evidence to authorize this instruction. The exception is well taken, but we do not think the error is cause for a new trial. The only issue in the case was, whether or not the defendant was negligent, there being no contention of negligence on the part of the plaintiff, and we think it clear that the jury were not influenced by this charge.

A careful study of the evidence convinces us that it was sufficient to authorize the verdict, and the refusal of a new trial was not erroneous.        *Judgment affirmed. By five Justices.*