MACON & WESTERN RAIL ROAD, plaintiff in error, vs. WILLIAM N. McCONNELL, defendant in error.

When a railroad company has used a piece of ground as a wood-yard, for a long time, all persons building contiguous thereto, are chargeable with a knowledge of the fact, and of the right of the company to pile up wood upon any part of the premises, when it suits their interest or convenience to do so.

Assessment of damages, from Fayette county. Tried before Judge BULL, at September Term, 1858.

This was a proceeding under the statute, by William N. McConnell, against the Macon and Western Railroad, to assess and recover damages for burning and destroying " the dwelling house, kitchen, and kitchen furniture; smokehouse, corn-crib, ten barrels of corn, fencing and railing, work-shop, well-house, two leather trunks and contents, two bedsteads and bedding, two mattresses, sundry wearing apparel, one man's saddle, one side-saddle, a two-horse wagon and harness," belonging to McConnell, by the engine, or locomotive running on the Macon & Western Railroad to plaintiff's damage two thousand dollars. The fire was communicated by sparks from the engine, to a large pile of wood, belonging to the road, near plaintiff's premises, and from thence to the premises themselves, which resulted in

their entire destruction, together with the property and articles above enumerated.

After the testimony was closed, the Court charged the jury that they must be satisfied, from the evidence, that the injury was caused by the carelessness or negligence of the defendant or its agents, or employees; that before plaintiff could recover, it was necessary that he should show negligence, or want of proper care and precaution on the part of the company; that all persons who build near railroads run a risk, yet they assumed no risk against the tortious acts of the owners or managers of the road; that the railroad company had a right to keep and use wood at its stations, yet it had no right, unnecessarily, to extend the wood-pile so far as to endanger plaintiff's property, when he had made his improvements, before the wood was hauled and thrown near his premises.

The jury found for the plaintiff fifteen hundred dollars, whereupon defendant excepted, and assigns as error:

1st. That said verdict is contrary to law and evidence, and without sufficient evidence, and that the damages found are excessive, unjust and unreasonable.

2d. That the verdict is contrary to the charge of the Court.

TIDWELL & WOOTEN, for plaintiff in error.

HUIE & CONNER; and CALHOUN, *contra.*

*By the Court.*—LUMPKIN J. delivering the opinion.

We find no fault with the charge of the Court, upon the question of negligence. We think that some modification of the opinion of the Court, is proper as to the relative rights of the road, and the contiguous proprietors of property. The charge, as given, was, "that the company had to keep and use wood at their stations, yet they had no right, unnecessarily, to extend their wood-pile far enough to en-

danger the plaintiff's property, when the plaintiff had made his improvements before the wood was hauled and thrown near his premises."

The error in this charge is two-fold. It assumes, that there was proof to show, that the defendants had, "*unnecessarily*," extended their wood-pile; and secondly, it maintains, that, notwithstanding the wood-yard had been used ever since the railroad was completed, and that fact was notorious to all, still, if the company had not occupied this portion of the ground for wood, before the plaintiff built, they were responsible for fires and other casualties.

We hold, that all who build, knowing that this was a wood-yard, and of course, the right of the defendant to use the whole, or any part of it deemed necessary, must build in reference to this right, and consequently, erect their improvements further off. (One of the members of this Court goes further, and maintains that whether this ground had been appropriated as a wood-yard or not, yet being the property of the defendant, and a wood-pile not being a nuisance, the defendant had the right to pile up wood upon the whole, or any part of the ground, even to the boundary line which separated between the company and the plaintiff.)

Judgment reversed.