## MACON & WESTERN RAILROAD COMPANY vs. McCONNELL.

1. A wood pile of the Macon & Western Railroad Company took fire, from the engine passing or standing near it, at the Jonesboro Station, and the fire communicated from the wood pile to the plaintiff's house and destroyed it. *Held*,

1. That the road had the right to have the wood pile at that Station, in such quantities and to such extent as its agents or employees thought proper, etc.

2. That it is error in the Court, after laying down the rule of defendant's liability correctly, to add a qualification that has the effect of negativing such rule.

3. To make the Road liable for the burning of the house, it must be shown affirmatively, that a fire originated from some act of gross neglect, or carelessness on the part of its agents or employees.

---

**KILLING STOCK ON TRACK—NECESSARY PROOF.** "To charge a railroad with the damage resulting from the killing of stock on the track, by the running of the cars, it is **incumbent on the owner to show, affirmatively, that such killing resulted from the gross neglect,** mismanagement, or the carelessness **of the road or its employees.**" Georgia Railroad *v.* Anderson, 33 Ga. 110 (1), 112.

"**In a case in which the defendant is bound to use ordinary** and reasonable **care** and diligence, it is **error,** since the adoption of the Code, **to charge that the plaintiff can not recover unless it appear that the defendant was grossly negligent.**"   Brown Store Co. *v.* Chattahoochee Lumber Co., 121 Ga. 809 (6).

Action for Damages, in Clayton Superior Court. Tried before Judge BULL.

This was an action, brought by William N. McConnell, against the Macon & Western Railroad Company, to recover damages for certain buildings and other property of the plaintiff, which, he alleged, was destroyed by fire, through carelessness and negligence of the said company, and its agents and employees.

The evidence in this case disclosed the following state of facts, to wit:

The Macon & Western Railroad Company had a wood and water station in the town of Jonesboro, and had hauled up a large quantity of dry pine-wood, some of which was rich lightwood, and the same was thrown out, and lay along and very near the track, for a distance of from one hundred and twenty-five yards to one hundred and fifty yards; the wood was not put up in cords, or a compact pile, but was a confused heap, six or eight feet high, twenty or twenty-five feet wide, and between a hundred and twenty-five and a hundred and fifty yards long, and within twenty or twenty-five feet of the house of the plaintiff, McConnell; the wood was all on the space covered by the company's right of way, which was fifty feet from the track, each way; there was a great deal of wood used by the company at the station in Jonesboro, from which six or eight trains were supplied every day; that, on the 24th day of March, 1855, there was about three hundred cords of wood at the station, but not more than was necessary for the use of the company's road at that place, and that the wood would not have lasted more than three months: that it was customary for the company to haul up to the station in the winter, or the first of the spring, wood enough to last through the summer, but it was not usual to cord up the wood; that there had been, at different times, a much larger quantity of wood at said station, which had been established ever since the company's road was completed to Jonesboro, and for several years before the house of the plaintiff was built; that, on the said 24th day of March, which was a very dry, windy day, and whilst the engine and freight train of the company had stopped on the track, the said wood pile caught fire, and communicated the same to the dwelling house of the plaintiff, McConnell, and which

Macon & Western Railroad Company vs. McConnell.

continued to spread, until his dwelling house, and some of his furniture, his kitchen, his smokehouse, his well-house, his corn-crib, and corn, his shop, and fencing, and wagon, were all consumed; that the wood pile was very near to, and on the east side of the track, and between the track and plaintiff's house; that the wind was blowing from the west, and the blaze from the fire extended from the wood pile to the house of plaintiff, and sometimes above and beyond it, at times covering it up, as it was raised by the wind; that the fire was first discovered near where the engine and train were standing on the track; that the engineer was eating dinner when the alarm of fire was given, and jumped up and ran to his engine, which was left in charge of the fireman whilst he was at dinner; that the fireman usually shifted the cars, and was very competent for that service, and was engaged in that service at the time; that, if the wood had been piled up carefully, or put in cords, it would not have covered more than about half the space it did, and would not have extended along the track as far as plaintiff's house, and would not likely have communicated fire to it: that the engine, which was at the station at the time of the fire, was in good order; that it had a spark-catcher, which, together with the ash-pan, were in good order; that the shutter of an ash-pan can be raised, so as to let out the ashes when the wind is blowing, and that of the engine, which was at the station, was generally kept open a little, to admit a draught; that, if the fire was caused by any carelessness or negligence of the persons having the care and management of the train, the conductor nor engineer (both of whom were sworn and testified in the case), did not see it, or know it, but that, on the contrary, the employees of the company used the ordinary care and diligence in the maanegment of said train; that, in the judgment of one of the witnesses, the fire could have been extinguished by the train hands, at the time it was first discovered, but such witness did not state how many train hands there were, nor where they were at the time the fire was first discovered; that the plaintiff's property, which was consumed by the fire, was worth, in the aggregate, about fifteen hundred dollars.

The testimony being closed, the Court charged the jury:

"That the Macon & Western Railroad Company is a chartered company, having the right to use all the rights con-

ferred on it by its charter, as fully, and to the same extent, as an individual has, to enjoy his legal rights; that amongst these, is the right to use their cars and engines, to have their wood and water stations at convenient places, and all the appliances necessary to the complete enjoyment of all their chartered privileges; that they have a right to provide and keep, at their several stations, such supplies of wood as may be necessary, not only for present but for future use, as circumstances may require, and they are the judges of what amount is necessary. And they are not responsible for accidents, happening from the exercise of their rights, unless these accidents result from the gross negligence or carelessness of the employees or agents of the road. The plaintiff must prove that the injury complained of did result from such culpable negligence or carelessness.

"The amount of diligence required is just so much as an ordinarily prudent man would use in his own affairs. If a man choose to build, or buy a house, in close proximity to a railroad station, where wood is ordinarily kept for the use of engines, he does so at his own risk. He voluntarily undertakes to incur the ordinary risks incident to such a location, and if his house is burned, without the culpable negligence of the agents or employees of the company, he has no redress against them. He is presumed to take the risk himself. But this presumption does not arise, if the location of the wood pile is changed after he builds or buys. Plaintiff's counsel contend that the company was guilty of culpable negligence, in accumulating an unnecessarily dangerous quantity of wood in immediate proximity to the plaintiff's premises, in such manner and quantities as the interests of the road did not require. On this point, as before remarked, the company have the right to have their wood stations at such points as are necessary, and they are not required to keep just so much (and no more) as is necessary for present wants, but they have the right to keep such supply as will secure them against the danger of having their stock exhausted at a time when it would be inconvenient to supply it, and they must necessarily be the judges of this matter; and to make the company liable, the plaintiff must prove affirmatively that the quantity was unnecessarily large, or unnecessarily extended within dangerous proximity to the plaintiff's premises, and that the injury resulted from that fact. What

would be gross negligence under one set of circumstances, might be no negligence under another; by way of illustration: A man burning out his chimney with a bundle of fodder, on a dry, windy day, and thus setting fire to his own or his neighbor's house, would be guilty of gross negligence, whilst it would be no negligence at all if done on a rainy day. I intimate no opinion, as to the facts of this case, as I always carefully avoid assuming any fact whatever to have been proven, in giving my charges to the jury, nor did I do so on the former trial, and, though reversed on that ground, I am confident that neither the jury or the counsel so understood me, though the Supreme Court did. The charge then carried up, was not in the exact language of this charge, though correct in substance."

The jury returned a verdict for the plaintiff for fifteen hundred and twenty-five dollars, with cost of suit.

Counsel for defendant moved for a new trial, on the following grounds, to wit:

1. Because said verdict was contrary to law and evidence.
2. Because said verdict was decidedly against the weight of evidence, and without sufficient evidence to support it, and, therefore, illegal and wrong.
3. Because the Court erred in charging the Jury as before set forth.

The presiding Judge refused the new trial, and the object of the writ of error in this case is to reverse that decision.

TIDWELL & WOOTEN, for the plaintiff in error.

J. M. & W. L. CALHOUN & J. F. JOHNSON, for the defendant in error.

*By the Court.*—LYON, J., delivering the opinion.

The Court charged the jury: "That the Macon & Western Railroad Company is a chartered company, having the right to use all the rights and privileges, conferred on it by its charter, as fully, and to the same extent, as an individual has to enjoy his legal rights. That, amongst these, is the right to use their cars and engines, to have their wood and water stations at convenient places, and all the appliances necessary to a complete enjoyment of all their chartered

privileges. That they have the right to provide and keep, at their several stations, such supplies of wood as may be necessary, not only for present, but for future use, as circumstances may require—and they are the judges of what amount is necessary; and they are not responsible for accidents happening from the exercise of these rights, unless these accidents result from the gross negligence or carelessness of the employees or agents of the road, and the plaintiff must prove that the injury complained of did result from such culpable neglect or carelessness. The amount of diligence required is just so much as an ordinarily prudent man could use in his own affairs. If a man chooses to build, or buy, a house in close proximity to a road station, where wood is ordinarily kept for the use of the engines, he does so at his own risk. He voluntarily undertakes to incur the ordinary risks incident to such a location, and if his house is burned, without the culpable negligence of the agents or employees of the company, he has no redress against them."

1. We think, the charge so made, fairly presented the law of this case. But when the Court, in a subsequent portion of this charge, added: "And to make the company liable, the plaintiff must prove, affirmatively, that the quantity (of wood) was unnecessarily large, or unnecessarily extended within dangerous proximity to the plaintiff's premises, and the injury resulted," etc.

2. We think, he committed error; for it was repugnant to the charge he had already given to the jury. If the road had the right to collect and have wood at the station in such quantities as they think proper or necessary, and of which they were to judge, the jury had no right to consider the quantity of wood, or its extent, in considering whether the road was liable for the injury, nor its proximity to the plaintiff, so long as it was their right to put their wood at that place. The effect of this qualification, we think, negatived the principle the Court had previously given to the Jury, and which, we think, to be the law of the case.

3. But, we think, the plaintiff in error is entitled to a new trial on another ground, and that is: the verdict is strongly and decidedly against the weight of the evidence and law. Instead of showing that the road, or its employees, were guilty of any gross or culpable neglect, which was necessary to charge the road with the plaintiff's dam-

Macon & Western Railroad Company vs. McConnell.

ages or injury, the evidence disclosed not the slightest neglect of any character. The day was a very dry and windy one, but the plaintiffs were obliged to use fire in the running of the engines, and in running them along the road, even upon their own property, and in the pursuits of their ordinary and daily vocations.

There is not one fact, to which may be pointed as neglect, or the want of due care and attention. The fact that the ash-pan was kept a little open, is pointed to as a circumstance. The testimony is: that this was usual and necessary, and that the pan was in good order. Another circumstance is: that the fireman was allowed to manage the engine, in shifting the cars, that took place that day at the station. The testimony is: that this was usual, and that he was competent for that purpose. Another, and the only other fact, that I can think of, was referred to, and that was, that the employees did not, at once, drop everything else and try to suppress the fire, or prevent the injury. Their first duty was to save the property in their cars, and which was exposed to the fire. After this was done, I believe, it was not denied but that they rendered all the assistance they could.

To make the railroad company liable for this injury, it must be shown, affirmatively, that the fire occurred from some positive act of neglect or carelessness on the part of the employees of the road. This was not done, and until it is, the plaintiff in error can not be held liable for the misfortunes of the defendant in error. So a new trial must be granted.

## JUDGMENT.

Whereupon, it is considered and adjudged by the Court, that the judgment of the Court below be reversed. The Court, after laying down the rule correctly, that the plaintiff in error had the right to keep, at their several stations, such supplies of wood as may be necessary for present or future use, and that they are the judges of what is necessary, and that they were not liable for any accident that may happen from the exercise of any of their rights, unless it resulted from the gross negligence or carelessness of its employees, erred in qualifying such rule, by charging the jury that the

plaintiffs must prove, affirmatively, that the quantity of wood on hand was unnecessarily large, or unnecessarily extended. The Court should have granted a new trial on this ground, and on the additional grounds that the verdict was contrary to, and without evidence, and against law.