### 14362. WILKES LUMBER CO. *v.* SEABOARD AIR-LINE RAILWAY CO.

STEPHENS, J. 1. Damage to property of another, caused by fire spreading from a burning box-car belonging to a railroad company, the car catching fire, through the carelessness of the employees of the company, from an overheated stove inside the car, which box-car was used by the employees for camping or housing purposes and was located on one of the company's side-tracks adjacent to the property damaged, was damage caused by a person in the employment and service of the railroad company, and there was a presumption of negligence against the railroad company as provided in the Civil Code (1910), § 2780. See, in this connection, *Talmadge* v. *Central of Ga. Ry. Co.,* 125 *Ga.* 400 (54 S. E. 128). In a suit by the owner of the property against the railroad company to recover for its loss by fire alleged to have been caused by such negligence it was error for the court to charge the jury that there was no presumption of negligence against the defendant, but that the burden was upon the plaintiff to prove such negligence.

2. Evidence that the owner of the property damaged had contracted to sell it at a certain price has no probative value in establishing its market value at the time it was damaged, where it does not appear at what time the contract of sale was made. The judge therefore properly excluded such testimony.

3. No other error appears.

                *Judgment reversed. Jenkins, P. J., and Bell, J., concur.*

DECIDED FEBRUARY 28 1924. REHEARING DENIED MARCH 1, 1924.

Action for damages; from McIntosh superior court—Judge Sheppard. February 3, 1923.

Application for certiorari was denied by the Supreme Court.

*Tyson & Tyson,* for plaintiff.

*Conyers & Wilcox,* for defendant.

#### ON MOTION FOR REHEARING.

PER CURIAM. The decision of the Supreme Court in *Talmadge* v. *Central of Ga. Ry. Co.,* 125 *Ga.* 400 (3), does not vary the general rule as set forth in the syllabus, that where the negligent act of an employee of the company is alleged as the cause of damage,

the negligence will be presumed on proof that the damage was caused by such act. It is the general rule that in such a case the plaintiff can only recover upon the grounds of negligence set forth in the petition. In the *Talmadge* case there was no claim that the damage was caused by a fire being negligently kindled or guarded, but the sole contention of negligence was laid in the condition of the car, considering the place, purpose and circumstances of its use. If in the *Talmadge* case it had been contended as in this case that the fire which caused the damage had resulted from a negligent act of an employee, the plaintiff would have been entitled to the presumption of negligence as alleged upon proof of the employee's act and its causal connection with the damage. In the instant case the evidence, which was in keeping with the allegations of the petition, authorized the inference that the damage was caused by the negligent acts of the defendant's employees in overheating a stove inside the car, and the plaintiff's contention of negligence did not depend upon the condition of the car itself.

We are speaking only of the inference which the jury under the evidence were authorized to draw, and not of any inference which they were compelled to draw. We do not, of course, intimate any opinion as to whether the finding of the jury was or was not erroneous in fact. Our ruling is limited to the proposition that the court erred in its charge in denying to the plaintiff the benefit of the presumption of negligence.