THE WESTERN AND ATLANTIC RAILROAD *vs.* ABBOTT.

74 851
f107 137

[Jackson, C. J., being disqualified, Judge Lumpkin, of the Northern circuit, presided in his stead.]

1. On the trial of a case brought to recover from a railroad company for personal injuries to the plaintiff, caused by one of defendant's engines, it was not error for the court to give in charge to the jury section 3033 of the Code. It may, in many instances, require but slight evidence to rebut the presumption of negligence the law raises against the company, but it always remains till removed by the proof, which may be that offered by either side.

2. A new trial should not be granted in such a case, because the court gave in charge to the jury section 3034 of the Code, there being testimony from which the jury might find both parties were at fault, and it appearing also that the court gave in charge section 2972.

3. On the trial of a suit to recover for personal injuries, it is proper, if the testimony so authorizes, for the jury to allow the plaintiff compensation for the pain and suffering occasioned him, and the court correctly instructed the jury that, in such cases, "the enlightened conscience of an impartial juror is the guide by which the measure of damages may be ascertained."

4. It has been thoroughly settled by repeated rulings of this court, that if there is any evidence to sustain the verdict, and it is satisfactory to the court below, and no error of law was committed by the judge on the trial, this court will not interfere with his discretion, or grant a new trial.

December 15, 1885. (Head-notes by the court.)

Railroads. Damages. Negligence. Before Judge DORSEY. City Court of Atlanta. December Term, 1884.

To the report contained in the decision, it is only necessary to add that the following were among the grounds of the motion for a new trial in this case :

(1.) Because the verdict was contrary to law and evidence.

(2.) Because the court erred in charging the jury as follows: " As I have used the term ' extraordinary diligence,' it is proper that you should know what that means.   Extraordinary diligence is that extreme  care and caution which very prudent and thoughtful persons use in securing and preserving their own property.   The absence of such dilgence is termed slight neglect.   A railroad company shall be liable for any damage done to person, stock or other property by the running of the locomotive or cars, or other machinery of such company, or by damage done by any person in the employment or service of such company, unless the company shall, make it appear that their agents have exercised all ordinary and reasonable care and diligence, the presumption in all cases being against the company."

(3.) Because the court charged as follows: If the complainant, that is, the plaintiff in this case, and the agents of the company are both in fault, the former, that is, the plaintiff, may recover, but the damages shall be diminished by the jury in proportion to the amount of the fault attributable to him, the plaintiff.

(4.) Because the court charged as follows: " You will look to the evidence and determine the issues in this case. If you find from that evidence in the case that the defendant's company—and when I say defendant's company, I mean its servants, agents and employés—if you find from the evidence in the case that the defendant's company was negligent, and that this negligence caused or contributed to plaintiff's injury, then, gentlemen of the jury, if the plaintiff could not have avoided the consequences to himself, caused by defendant's negligence, by the exercise of ordinary care, the plaintiff can recover full or partial damages as you may believe the plaintiff may be entitled to recover under the rules of law, which will hereafter be given you in charge."

(5.) Because the court charged as follows: "The law also authorizes a party who receives a personal injury, under such circumstances as would make the party who inflicted it liable for damages, to recover for the pain and suffering consequent upon such injury."

(6.) Because the court charged as follows: "If, therefore, under the rules of law, as I have given them to you in charge, you should find for the plaintiff, then, if you find from the evidence that the plaintiff suffered pain, the law says you may allow him damages therefor. You look to the evidence and see, if he is entitled to recover at all, what pain and suffering he endured, if any. There is no rule of law which the court can give you by which you can find damages for pain and suffering, except the law says it shall be governed by the enlightened conscience of an impartial juror. If the facts authorized damages for pain and suffering, the enlightened conscience of an impartial juror is the guide by which the law says the measure of damages may be ascertained, in all cases taking care that you do not act oppressively, or do either party to the case injustice."

(7.) Because the verdict was excessive.

The motion was overruled.

JULIUS L. BROWN, for plaintiff in error.

ABBOTT & GRAY; HOPKINS & GLENN, for defendant.

LUMPKIN, Judge.

The plaintiff below, W. R. Abbott, was a passenger on a train of the Western and Atlantic Railroad Company, which left Atlanta at 5 o'clock P. M., October 15th, 1881. This train reached Acworth, the station at which he was to leave it, after dark and behind time. At this station, it met another passenger train going towards Atlanta, and took a side track for that purpose, leaving the main line

and another track between it and the depot. The down passenger train came in on this main line. According to the plaintiff's testimony, there was an embankment on the right side of the track, on which his train was standing, which made it difficult to leave the train from that side; and besides, it was the side opposite from the depot and the town of Acworth. He also testified that between this side track and the main line the ground was rough and irregular, and there was a ditch or cut some 18 inches in depth. The testimony was conflicting as to the condition of the ground around and between these tracks, witnesses for defendant representing them to be in good condition.

Plaintiff stepped off his train, and heard some one on the baggage car call out, " claim your baggage," or " here's your baggage," walked on the main line, started towards the baggage car, and was almost immediately struck by the engine of the down passenger train, and seriously and permanently injured. He had on the baggage car a small trunk and an oil can. It was a matter in dispute whether the former was checked or not. The custom of the company was to deliver checked baggage to the station agent, from whom the passengers would receive it, but the plaintiff claimed that he thought it was his business to get his trunk off the train himself, and understood the call about the baggage, above mentioned, to be addressed to him. He also swore that the engine of the train on which he came was blowing off steam and making a sort of fog when he stepped off. The testimony was conflicting as to the difference in time of the arrival of the two trains at Acworth that night, and also as to the rate of speed at which the down passenger was traveling when its engine struck the plaintiff, the rate being variously estimated at from six to 12 miles per hour. There was a public crossing about 35 or 40 yards from the depot, over which this train had just passed before the injury took place. The servants of the company on the engine testified that the train was under full control, and that they did everything they could to

avoid striking plaintiff. The jury found for him five thousand dollars.

1. It was insisted by counsel for plaintiff in error that the court erred, in view of the facts of this case, in charging the jury that the law required the company to " make it appear that their agents have exercised all ordinary and reasonable care and diligence, the presumption in all cases being against the company."

The charge excepted to is in the very language of the statute. Whenever the simple fact appears, that one has been injured by the running of the locomotive, or cars, or other machinery of a railroad company, the presumption immediately arises that the company's servants were negligent, and the company must make the contrary appear. This may be done, however, by any testimony in the case, no matter by which side introduced. The presumption against the company may be rebutted by any facts stated by the plaintiff himself, or his witnesses, which in any way show that the servants of the company showed proper diligence or were not in fault, and if such is made to appear by the plaintiff's testimony, it is a sufficient compliance by the company with the demand of the law. In many cases, very slight evidence should remove the presumption against the company, but unless this is done by some testimony, that presumption must stand, for so the law is plainly written.

2. As was held by this court in the case of *The Western and Atlantic Railroad Company vs. Meigs*, decided during the present term,* it is proper for the court to instruct the jury on the law of contributory negligence and apportionment of damages, when the testimony would warrant them in finding that both parties were at fault, and there was such testimony in the case now under consideration. It is the duty of the court to charge the jury upon the law applicable to all conclusions of fact which they may reasonably reach from the evidence.

* See next case.

3. In cases of this character, the jury are authorized, if they see proper to do so under the testimony, and are thereby justified in so doing, to allow the plaintiff compensation for the pain and suffering occasioned him. The court left this question fairly to the jury, instructing them that, if the plaintiff was entitled to recover at all in this case, and if the facts authorized any damages for pain and suffering, the enlightened conscience of an impartial juror was the only legal guide by which the measure of such damages could be ascertained.

4. It was contended by counsel for plaintiff in error, that the verdict was contrary to, and unsupported by, the evidence, and was excessive.

These questions were passed upon by the court below, who was satisfied with the verdict, and in the exercise of the discretion vested in him by the law, refused to grant a new trial. This court has repeatedly ruled that, under these circumstances, the verdict will not be set aside, if there was any evidence to sustain it. Under the testimony in this case, in view of this rule, which is now well established, this verdict can be sustained. If the jury believed those portions of the testimony most favorable to the plaintiff, and disbelieved those portions of it most favorable to the defendant, they were authorized to find that defendant had not provided a suitable and safe exit for passengers to leave its trains at Acworth; that its servants had not observed proper caution in running over the crossing near this depot; that the train was running too fast when the engine struck plaintiff; that no sufficient warning of its approach was given, and other facts tending to show negligence and the want of reasonable care. These considerations doubtless influenced the judge below to refuse a new trial, and under the rule above mentioned, it is the judgment of this court that this verdict shall stand. Speaking for myself alone, and with diffidence, I feel constrained to say, that if this rule was less stringent, and if this court felt authorized to scrutinize more closely the

propriety of verdicts in such cases, I would have been in favor of granting a new trial in this case, on the idea that the plaintiff, by the exercise of ordinary care, could have prevented this injury to himself, even if the defendant was somewhat in fault.

Judgment affirmed.