The Atlanta & West Point Railroad Co. *vs.* Smith *et ux.*

1. The evidence was conflicting as to whether or not the railroad train was stopped a sufficient length of time to enable plaintiff to safely alight from it; and there was sufficient evidence to sustain a verdict in her favor.
2. Plaintiff showed that she was confined to her bed and room for months, suffered great pain and still suffers pain from the injuries she received; and a verdict in her favor for $500 damages was, therefore, not excessive.

December 22, 1888.

Railroads.  Damages.  Evidence.  Verdict.  Before Judge Harris.  Campbell superior court.  February term, 1888.

Reported in the decision.

BIGBY & DORSEY and C. S. REID, for plaintiff in error.

THOS. W. LATHAM, *contra.*

SIMMONS, Justice.

John Smith for his wife, Jane Smith, and Jane Smith for herself, sued the railroad company for damages. The nature of the complaint will appear in the report of the testimony. The defendant pleaded the general issue.

On the trial, the plaintiffs showed as follows: Jane Smith was a passenger on defendant's train from Atlanta to Palmetto. As the train neared the station, the station signal was given, and as it approached still nearer the depot, the name of the station was called and the train slackened its speed; and Jane Smith and another passenger, and probably others, left the train; but it stopped for so short a time that a passenger who immediately preceded Jane Smith in leaving had to jump; and Jane Smith was thrown and sustained the injuries for which she sues. She was seated near the door of the car; was encumbered, according to her statement, with only a valise, and according to the statements of others, with some other small bundles; made arrangements to leave the train as it approached the station, and did expeditiously leave and attempt to alight with due care, but the train started with a sudden jerk and threw her to the ground. The fact that the train stopped for a length of time entirely insufficient to allow passengers to alight safely, was overwhelmingly established by the plaintiffs' testimony, if the jury were disposed to credit it. The length of time it stopped is variously estimated by these witnesses at from a second to

about half a minute; and the whole evidence for the plaintiffs, taken together, tends to show that she rapidly left the train, undertook to alight, and was thrown. She was hurt about the face, shoulders and back; was rendered unconscious by the fall; was confined to the house of her daughter for two weeks before she could go home, and for two more weeks or longer there, after she was taken there in a wagon. Her injuries were so painful that she could not work. She suffered a great deal, and still suffered at the time of the trial. She had been a stout woman, able to do any sort of work except to plow, and had earned, when in service, as high as eight or ten dollars per month, and was fifty-five years old at the time of the injury, since which she has not been able to work as she did before, though she can still do work about the house like cooking, etc. No man told her to jump off the train and he would catch her. The plaintiffs introduced the Carlisle tables of mortality.

The testimony for the defendant conflicted directly with that of the plaintiffs as to the time the train stopped. It was not denied that Jane Smith attempted to alight at the usual place for passengers to alight; but various persons, employés of defendant and others, swore that the train stopped about the usual time, a minute or more, and passengers got on and off safely; that business was attended to by the express messenger on the train and others before it started; that one passenger got off, went a short distance away, left his baggage with a hotel porter and boarded the train again before it got under headway; that another took express matter from the train and went a short distance before it started; and that another put butter on the train and had a short conversation with the conductor before it started. There was evidence that Jane Smith did not go directly and rapidly out of the train, but was seen standing in the

door of the car talking to some person before it started; also that the train did not move off with a jerk, but slowly and gradually. Also that some one told said Jane to jump, after the train started, and said he would catch her; she did so jump and was hurt. The evidence for defendant, taken together, tended to show that Jane Smith was thrown from the train because she lingered too long before alighting and undertook to get off after it started.

The jury found for the plaintiffs $500. The defendant moved for a new trial on the grounds that the verdict was contrary to law and evidence, and was excessive. The motion was overruled, and defendant excepted.

1. The evidence in this case was conflicting as to the length of time the train stopped at the station, the plaintiff's witnesses testifying that the time was not sufficient to enable the plaintiff, who was an old woman with satchels and bundles in her hand, to safely alight from the train, and the defendant's witnesses testifying that the time was ample, if she had used proper diligence. The jury believed the plaintiff's witnesses; the court below was satisfied with the finding of the jury, and we cannot say that the court erred in refusing to grant a new trial on the ground that the verdict was contrary to the evidence.

2. Nor do we think that the verdict is excessive, or so excessive as to show bias or prejudice in the minds of the jury. The plaintiff testified that she was confined to her bed and room for months, and suffered great pain, and still suffers pain from the injury she received by reason of the negligence of the defendant's servants. If her statement is true (and the jury believed it), we do not think $500 damages are excessive.

Judgment affirmed.