KILLIAN *v.* THE GEORGIA RAILROAD AND BANKING COMPANY.

1. One of the questions in issue being as to how long a train stopped at a given station, the plaintiff contending that the stop was not sufficiently long to allow him time to alight safely from the train, and the defendant insisting that the stop was long enough for this purpose, evidence that the train was behind time was admissible as tending to show the existence of a reason or motive for making only a short stop, and therefore as supporting the plaintiff's contention.

2. On the trial of an action against a railroad company for personal injuries, it was improper to admit parol evidence tending to show that the plaintiff had been charged with or tried for a criminal offense.

3. It was not incumbent upon the plaintiff in such a case, where the injury complained of was caused by the running of the defendant's cars, to prove the alleged negligence of the defendant by a preponderance of the evidence. Upon showing that he was injured in this manner, the legal presumption arose that the injury was due to the company's negligence, and in such case the law embraced in section 3033 of the code ought to have been given in charge as a part of the general law of the case, without any request to that effect.

4. The evidence of a witness who testifies that a given thing occurred, is positive testimony; the evidence of another witness that he was present on the occasion referred to and did not see or hear the occurrence in question, is negative testimony; nor is such testimony rendered positive by a mere statement of the witness that such an occurrence could not have taken place without his seeing or hearing it. To entitle his evidence, other things being equal, to as great weight as that of the former witness, it must appear that his opportunities for seeing or knowing what occurred were at least equal to those of that witness, and that his attention was specially directed to the matter in question.

5. Whether or not a passenger about to alight from a train and incumbered with hand-baggage or parcels was, under the circumstances, afforded by the company reasonable time and opportunity to leave the train in safety, is a question for determination by the jury and not by the judge.

February 7, 1896.

Action for damages. Before Judge Jones. City court of DeKalb county. March term, 1895.

*Arnold & Arnold,* for plaintiff. *Joseph B. & Bryan Cumming* and *M. A. Candler,* for defendant.

SIMMONS, Chief Justice.

Killian sued the railroad company for damages from personal injuries, alleging in brief, that on March 16, 1895, he was a passenger on defendant's west bound passenger-train, his destination being Stone Mountain; that when the train arrived at Stone Mountain he prepared to disembark.

as soon as the train came to a stop, but it did not stop long enough for him to alight in safety, as ordinary care required; on the contrary it scarcely stopped at all, and as soon as it did stop it started again; that he was down on the steps of the platform preparing to alight, when the train jerked suddenly and negligently, and he was thrown to the ground and greatly injured; that on account of the short time the train stopped he was not allowed an opportunity to get off until the train was in motion; that he was not guilty of any negligence, and when he attempted to alight the speed of the train was slow; that his ticket entitled him to ride no further, and the circumstances were such that any person of ordinary prudence would have attempted to alight as he did.    There was a verdict for the defendant, and the plaintiff made a motion for a new trial, which was over-ruled, and he excepted.

1. It is complained in the motion for a new trial, that the court erred in refusing to allow the plaintiff to prove by a certain witness that at the time the train reached Stone Mountain it was behind time over an hour.    We think the court ought to have allowed this fact to be shown.    One of the questions in issue being as to how long the train stopped at Stone Mountain, the plaintiff contending that the stop was not sufficiently long to allow him to alight safely from the train, and the defendant insisting that the stop was long enough for this purpose, evidence that the train was behind time was admissible as tending to show the existence of a reason or motive for making only a short stop, and therefore as supporting the plaintiff's contention.

2. The defendant's counsel asked one of the witnesses if he did not know that the plaintiff had been charged and tried before the municipal court of Stone Mountain for the offense of selling liquor without license.    The witness replied that the plaintiff had been charged with that offense and had been tried therefor.    The plaintiff's counsel objected to this evidence, on the ground that it was irrelevant

and threw no light on the issue in the case, and did not fix any time when the plaintiff was alleged to have sold liquor; and upon the ground that the best evidence was the record of the charge and the trial. The court overruled these objections and admitted the evidence; and this is complained of in the motion for a new trial.

This testimony was clearly inadmissible. A witness may be discredited by showing his conviction for an offense, but it is not competent to discredit him by showing merely that he has been charged with and tried for an offense. Until there is proof of conviction he is protected by the legal presumption of innocence. Moreover, the judgment of conviction must be proved by the record. Rapalje, Law of Witnesses, §201, and cases cited; People *v.* Elster (Cal.), 5 Crim. Law Mag. & Rep. 687; Van Bokkelen *v.* Berdell, 130 N. Y. 145, and cases cited. And see *Gardner* v. *The State*, 81 *Ga.* 144.

3. The court charged: "The preponderance of the evidence must be with the plaintiff, in order to entitle him to recover. . . If the scales balance evenly, he cannot recover. He must have enough of evidence to make it come down in his favor, the burden being upon it." It is complained that the court erred in charging thus, and in failing to give in charge the principle that where an injury was shown to have occurred by the running of the defendant's cars, the presumption was against the defendant. The rule given in charge by the court is correct, and is applicable in all civil cases. When it appeared, however, that the injury was caused by the running of the defendant's cars, it was not incumbent upon the plaintiff to prove the alleged negligence of the defendant by a preponderance of the evidence. Upon showing that he was injured in this manner, the legal presumption arose that the injury was due to the company's negligence, and the law embraced in section 3033 of the code ought to have been given in charge as a part of the general law of the case, without any request to that

effect. The charge as it stood placed upon the plaintiff the burden of showing that the defendant was negligent, notwithstanding it was shown that the injury was caused by the running of the defendant's cars.

4. It is complained that the court erred in charging thus: "If a witness testifies that if a certain thing took place, or certain things were stated, he did not see them or hear them while he was there, unless he testified that it could not have taken place, or that words could not have been spoken without his hearing them, that would be negative testimony; but if he does so testify, then it would amount to positive testimony and has the same weight as positive testimony." This charge is inaccurate and misleading. It is not true that where a witness swears that he did not see or hear a certain thing take place, his mere statement that it could not have taken place without his having seen or heard it will entitle his testimony to the same weight as positive testimony, or that of a witness who testifies that he did see or hear it. To entitle the testimony of a witness that he did not see or hear a certain thing occur at a particular time and place, to the same weight upon the question of whether it did occur or not, as that of an equally credible witness that he saw or heard the occurrence in question, it must appear that the opportunities of the former were at least equal to those of the latter, and that his attention was specially directed to the matter; and whether this was so or not is to be determined, not merely from his own opinion or statement that the occurrence could not have taken place without his seeing or hearing it, but from all the evidence bearing on the subject. See on this subject 1 Wharton, Evidence, §415; *Atlanta & West Point Railroad* v. *Johnson*, 66 *Ga.* 271.

5. It is complained that the court erred in charging as follows: "It is claimed by the plaintiff in this case, that at the time he alighted from the cars at Stone Mountain he was encumbered with some baggage, that he had an over-

coat and a box containing some pigeons, and perhaps a satchel and some other baggage, and he was partially deaf at that time. I charge you that if he had unchecked baggage in his arms, or in his hands, which encumbered his egress from the car, the railroad is not chargeable with that, and that is not to operate against them, if that had anything to do with his failing to get off the car in safety."

In determining whether reasonable time and opportunity for leaving the train in safety were afforded the plaintiff, the jury had a right to take into consideration his condition at the time; and it was for them, and not for the court, to say whether the fact that he was encumbered with hand-baggage and parcels called for greater care in his behalf than was exercised by the defendant's agents in charge of the train, and ought to have caused them to allow him more time for leaving the train than they did. Where a railroad company takes upon its train a passenger encumbered with hand-baggage and parcels, it must have due regard to his condition in this respect when the time comes for the passenger to leave the train. It was accordingly error to instruct the jury that the fact that the plaintiff was so encumbered could not operate against the defendant.

It was contended by counsel for the railroad company that the evidence demanded the verdict, and that for this reason the errors complained of were harmless. We do not think so. There was sufficient evidence to have upheld a verdict in favor of the plaintiff. See *Suber* v. *Ga., Carólina & Northern Ry. Co.*, 96 *Ga.* 42, and cases cited; *Atlanta & West Point R. Co.* v. *Smith*, 81 *Ga.* 620.

*Judgment reversed.*