FLORIDA CENTRAL AND PENINSULAR RAILROAD CO. *v.* RUDULPH.

113  143
Case 2
d129  709

LITTLE, J. 1. After it has been shown that a person was injured by the running of a locomotive or train of cars, the right of the injured person to recover damages for such injury is dependent upon whether or not the railroad company was negligent. The law raises the presumption that it was; this

presumption casts on the company the burden of introducing evidence to show that it was not; otherwise a recovery may be had on the presumption. The presumption is overcome only when the evidence is sufficiently strong to show due care. When the company has introduced evidence which would warrant the conclusion that it did show such care, and there is evidence to the contrary, the question of negligence is an open one to be finally determined by the jury. 1 Gr. Ev. § 14 (w). There was no error in the refusal to charge, nor in the charges complained of, under this view of the law.

2. When, after the submission of evidence which authorized the jury to determine that the plaintiff was injured by a derailment of the defendant's train of cars, the plaintiff rested her case on the presumption of negligence raised by the law; and the defendant introduced evidence showing that at the time of the derailment the train was being run at a reasonable rate of speed, that the track and road-bed were in first-class condition, that the cause of the derailment was a freshly broken flange on one of the wheels of a car, that the wheel was properly made, and, before being used, was thoroughly tested at the manufactory, again tested before being placed under the car, and was inspected during the trip the day the accident occurred, and was apparently in perfect condition; and such evidence was not only uncontradicted, but was the only evidence introduced as to the cause of the derailment, the presumption was rebutted, and, in the absence of proof of negligence, a verdict for the plaintiff was not sustained by the evidence. *Ga. R. Co.* v. *Wall*, 80 *Ga.* 202.

*Judgment reversed. All the Justices concurring.*

Submitted March 2, — Decided March 28, 1901.

Action for damages. Before Judge Bennet. Camden superior court. July 3, 1900.

*Crovatt & Whitfield* and *Osborne & Lawrence*, for plaintiff in error. *Courtland Symmes*, contra.