## THOMAS *v.* GAINESVILLE & DAHLONEGA ELECTRIC RAILWAY COMPANY.

In an action by a traveler upon a highway, against a railway company, for damages resulting from a collision between a car of the company and the vehicle in which the traveler was riding, it is error to charge the jury that "the plaintiff's contributory negligence in such a case defeats recovery, and your verdict must be for the defendant."

Argued December 6, 1905.—Decided January 13, 1906.

Action for damages. Before Judge Hollingsworth. City court of Hall county. April 20, 1905.

J. A. Thomas brought suit against the Gainesville & Dahlonega Electric Railway Company, and alleged, that while riding in his buggy in the city of Gainesville, the buggy was struck by a car of the defendant, running at a high rate of speed through a crowded portion of the city, no bell having been rung, nor warning of any kind having been given, and he was thrown from his buggy and injured and damaged in the sum of $10,000. The defendant denied the negligence alleged against it, and pleaded a settlement with the plaintiff, alleging that it had paid Thomas and the owner of the buggy $3.75 as a full accord and satisfaction for the injuries to Thomas and to the buggy. A verdict was found for the defendant. The plaintiff made a motion for a new trial, which was overruled, and he excepted.

*W. B. Sloan* and *H. H. Perry,* for plaintiff.

*H. H. Dean,* for defendant.

Cobb, P. J. (After stating the foregoing facts.) One of the grounds in the motion for a new trial complained of the following extract from the charge of the court: "If the plaintiff was guilty of any act of negligence which directly contributed to his injury, or was guilty of any failure of ordinary care on his part, whether the act be a question of only omission to do what he ought to have done under the circumstances, or an act of commission in doing something that he should not have done and without which the accident would not have happened, then you would go further and apportion the injury, but the plaintiff's contributory negligence in such case defeats recovery, and your verdict must be for the defendant." This charge was erroneous, inasmuch as it instructed the jury that the plaintiff's contributory negligence would defeat recovery, and the verdict, if such contributory negligence were found, must be for the defendant. The instruction should have been qualified by the principles of law as laid down in the Civil Code, §§ 3830, 2322. The charge was in other respects inaccurate, but it is needless to discuss at length these inaccuracies, as they will doubtless be corrected on another trial.

The evidence was of such a character as to authorize the submission to the jury of the question whether the plaintiff had received any amount in settlement of his claim for damages, and whether the receipt purporting to have been signed by him by his mark,

he being illiterate, was binding upon him.    The charge on this subject, which was complained of, correctly set forth the law as laid down in *East Tenn., Va. & Ga. Ry. Co.* v. *Hayes,* 83 *Ga.* 558, and was appropriate for the reason that this was the defendant's theory of the case.    But under the plaintiff's theory, the rule as laid down in *Butler* v. *Richmond & Danville R. Co.,* 88 *Ga.* 594, was applicable, and the judge should have instructed the jury on both theories of the case.        *Judgment reversed.    All the Justices concur.*