# CASES

## DECIDED IN THE

# COURT OF APPEALS OF GEORGIA

### AT THE

## MARCH TERM, 1909.

---

### 1574.   GRISWOLD *v.* MACON RAILWAY & LIGHT CO.

1. In an action against a street-railway company for injury received by a passenger through the running of the cars, it is proper for the court to instruct the jury that the plaintiff should make out his case by a preponderance of the testimony,—giving in connection therewith the statutory rule that whenever the plaintiff shows that he was injured while a passenger or in the running of the cars, the presumption is that the defendant was negligent.
2. None of the assignments of error are meritorious.

Action for damages; from city court of Macon—Judge Hodges. October 27, 1908.

Argued February 10,—Decided March 23, 1909.

Lillian Griswold, a nineteen-year-old girl, sued the street-railway company for personal injuries; her contention being, that, as she was about to alight from the car of the company on which she was a passenger, the car suddenly started forward without giving her time to alight and without warning, and threw her to the ground, hurting her. The contention of the defendant was that the girl, apparently under the influence of some drug, arose from her seat, walked out on the platform, and, over the protest of the conductor, stepped off the car while it was in rapid motion. There was evidence to support each of these contentions. The jury found in favor of the defendant; and the plaintiff excepts to the overruling of her motion for a new trial. The other facts are stated in the opinion.

*Nottingham & McClellan,* for plaintiff.

*Roland Ellis,* for defendant.

1                                          1

POWELL, J.   The first exception of law is that the court charged the jury that it is necessary, in order for the plaintiff to recover, that it should appear from a preponderance of the evidence in the case that the plaintiff was entitled to a verdict.   The court fairly and fully instructed the jury as to the presumption arising against the company upon proof that the plaintiff was injured while a passenger or by the operation of the cars.   The plaintiff in error cites the case of *Killian* v. *Georgia R. Co.,* 97 *Ga.* 730 (25 S. E. 384).   In that case it was held error for the court to charge the jury that the preponderance of the evidence must be with the plaintiff, in order to justify a recovery, without also instructing them as to the presumption arising against the defendant when it appears that the injury was caused by the running of the cars.   In a suit against a railway company, as well as in any other suit, in an ultimate sense the burden of proof is usually upon the plaintiff; but upon proving the fact that the injury was received by the running of the cars, the plaintiff makes prima facie proof also that the injury was occasioned through the negligence of the defendant, and therefore carries successfully the burden resting prima facie upon him.   Therefore it is proper, in such a case, for the judge to give in charge to the jury the rule · which places the burden of proof upon the plaintiff; also instructing the jury as to the burden resting on the defendant after proof that the injury was received by the running of the cars of the defendant, as was done in the present case, and as the Supreme Court said should have been done in the *Killian* case. The case just cited, instead of being an authority for the contention of the plaintiff in error, is authority to the contrary.

2.   The next ground of the motion for a new trial presents the objection that the judge, in stating several rules of law applicable to the case, began his instructions with the statement that "if the jury should find, from the evidence, that the plaintiff was a passenger," etc.; the ground of objection being that the evidence showed no dispute on the question as to whether the plaintiff was a passenger.   Looking at the excerpt in connection with the charge as a whole, we find no harm or prejudice to the plaintiff from this form of instruction.   The remaining exceptions relate to alleged inaccuracies in the charge of the court, as to certain features of the damages which the plaintiff claimed she

would be entitled to in the event of a recovery. Without inquiring into the merit of these questions, we may say that they present no reversible error, since they were rendered harmless by the fact that the jury found that the plaintiff was not entitled to recover at all. The trial being free from material error, and the verdict being supported by the evidence, the judgment is *Affirmed*.