## MURPHY *v.* GEORGIA RAILWAY & POWER COMPANY.

1. In an action against an electric railroad company for an injury caused by the running of its cars, it is not incumbent on the plaintiff to prove the allegations of negligence of the defendant by a preponderance of evidence. But where, after giving to the jury an instruction that it is so incumbent on the plaintiff, the court followed with a further instruction that if the injury resulted from the running of the cars under any of the circumstances alleged in the petition as negligence, a presumption against the company would arise, and the burden would be upon it to show that its agents exercised all ordinary and reasonable care, a new trial is not required.

2. In an action for damages for an injury alleged to have been caused by the defendant's negligence, a plaintiff can not recover on a ground of negligence not alleged in the petition.

3. "When a personal injury has been shown to have been done by the locomotives, or cars, or other machinery of a railroad company, or by any person in its employment or 'service, the presumption is against the company, but it may defeat a recovery by establishing either of the following defenses: that its agents have exercised all ordinary and reasonable care and diligence to avoid the injury; that the damage was caused by the negligence of the person injured; that he consented to it; or that the person injured, by the use of ordinary care, could have avoided the injury to himself, although caused by the defendant's negligence."

4. The charge of the court on the subject of alleged negligence by failure of the defendant company to give warning of the approach of the car, by the sounding of a gong, was not erroneous under the pleadings and evidence.

DECEMBER 14, 1916.

Action for damages. Before Judge Ellis. Fulton superior court. January 27, 1916.

*Westmoreland & Westmoreland* and *Mark Bolding,* for plaintiff.

*Colquitt & Conyers,* for defendant.

EVANS, P. J.  The plaintiff's husband was killed in a collision of an automobile, which he was driving, with a street-car. The automobile and the street-car were coming from opposite directions, and the collision occurred near a curve in the highway. The highway was double tracked for street-car operation, from the direction the automobile was coming to a point around the curve, estimated by the witnesses to be from 225 to 300 feet distant from the curve, from which point the double track, by means of a switch, became a single track. The collision occurred on the highway at a point estimated to be from 175 to 200 feet from the point where the double track merged into the single track. The speed at which the automobile was driven at the time of the collision was variously estimated from 12 to 40 miles an hour. The street-car, according to the servants in charge, and passengers, was standing still or barely moving, having been stopped or slowed down to avoid an impending collision. The plaintiff's witnesses estimated that the street-car was going from 20 to 25 miles per hour when the collision occurred. The jury returned a verdict for the defendant. The plaintiff's motion for new trial was denied.

1.  The jury were instructed that upon the filing of the defendant's answer, denying the essential allegations of the petition, the burden of proof was upon the plaintiff to establish every material allegation in her petition by a preponderance of the evidence. The court further charged: "If the plaintiff shows by a preponderance of the evidence that her husband was injured, that is to say, that he was injured and died from the effects of the injuries or was killed by the running of a car of the defendant under any of the circumstances alleged in the petition as negligence, then a presumption against the company would arise, and the burden would be upon the defendant to show that its agents exercised all ordinary and reasonable diligence." The first part of this charge is criticised because it required the plaintiff to prove the allegations of negligence; whereas, upon proof that her husband was injured by the running of the cars of the defendant, a presumption arose, by virtue of the statute (Civil Code of 1910, § 2780), that the injury was due to the company's negligence as alleged in the petition. It is not incumbent upon the plaintiff, in a case where the injury complained of is caused by the running of the defendant's cars, to prove the allegation of negligence of the defendant by a preponderance

of the evidence. *Killian* v. *Georgia Railroad Co.*, 97 *Ga.* 727 (3), 730 (25 S. E. 384); Civil Code (1910), § 2780. But the excerpt from the instruction complained of must be taken in connection with the other instruction; and when the whole instruction on the subject is considered, the instruction will not require a new trial. *Freeman* v. *Collins Park &c. Railroad Co.*, 117 *Ga.* 78 (43 S. E. 410).

2. The superior court is a court of record, and the case is made by the pleadings. Accordingly, it was not erroneous for the court to instruct the jury, in substance, that the plaintiff could not recover upon a ground of negligence not alleged in the petition. *Central of Georgia Railway Co.* v. *Weathers*, 120 *Ga.* 475, 478 (47 S. E. 956).

3. There was no error in charging, under the facts of this case, that "when personal injury is shown to have been done by the cars of a railroad company, the presumption is against the company, but it may defeat a recovery by establishing, by a preponderance of the evidence, either of the following defenses: that its agents have exercised all ordinary care and reasonable diligence to avoid the injury; that the damage was caused by the negligence of the person injured; that he consented to it; or that the person injured, by the use of ordinary care, could have avoided the injury to himself, although caused by the defendant's negligence." *Savannah, Florida & Western Ry.* v. *Stewart*, 71 *Ga.* 427 (3).

4. Complaint is made of this charge: "If the driver of the automobile, that is to say, in this case conceded to have been the plaintiff's husband, saw the car coming when it was 100 feet or more away, then the failure to sound a gong, even if there was such failure, would not authorize a recovery on that alleged ground of negligence." The alleged error is that by this charge the court took away from the jury the question as to whether it would be negligent for the railroad company to run its car at a rate of speed shown by the plaintiff's evidence, without sounding a gong when the car was 100 feet or more away. A ground of negligence alleged by the plaintiff was that the defendant failed to ring the bell, or give warning, as the car approached the curve, to the plaintiff's husband or others who were on or emerging from the curve. The complaint is that the plaintiff's husband was not given warning of the approach of the car. The ringing of the gong was one

means of giving the warning. If the plaintiff's husband saw the car, he had the notice which the ringing of the gong would give. Accordingly, this charge was not erroneous, under the pleadings and the evidence. The verdict is supported by the evidence, and no error requiring a new trial is made to appear.

*Judgment affirmed. All the Justices concur.*