## HOWARD *v.* GEORGIA RAILROAD.

STEPHENS, J. 1. It is not error for the trial court, after charging the jury that upon proof of the plaintiff's injury from the running of the cars of the defendant railway company there arose a presumption of

negligence against the defendant, to further charge that the burden of proof is upon the plaintiff to make out his case by a preponderance of the evidence. *Griswold* v. *Macon Railway & Light Co.*, 6 *Ga. App.* 1 (63 S. E. 1132). See also, in this connection, *Freeman* v. *Collins Park & Belt R. Co.*, 117 *Ga.* 78 (43 S. E. 410); *Florida Central & Peninsular R. Co.* v. *Rudulph*, 113 *Ga.* 143 (38 S. E. 328); *Western & Atlantic Railroad* v. *Abbott*, 74 *Ga.* 851; *Hyer* v. *Holmes*, 12 *Ga. App.* 837 (79 S. E. 58).

2. A plaintiff can recover only upon his case as laid in the declaration. Where the injury is alleged as having been caused by the negligent starting of a train, which hit the plaintiff and knocked him down while he was attempting to place a child aboard the train, and the plaintiff's evidence tended to support this contention, but where the defendant contended that the plaintiff was injured through his own negligence in attempting to place the child aboard the train while it was moving and while the plaintiff was walking or running alongside the moving train, and introduced evidence to sustain this contention, it was not error, as expressing an opinion upon the facts, for the trial judge to charge the jury that "if the plaintiff's injury was brought about as a result of his efforts to put a child on the moving train while walking or running alongside of the train while moving, then there can be no recovery in this case." The suit not being predicated upon the negligence of the defendant in running its train while the plaintiff was walking or running alongside it in attempting to place the child aboard, the charge complained of expressed no opinion upon an issue before the jury.

3. The statement of the trial judge in his charge to the jury, that if "the train was started in the usual course of things, without negligence on the part of the railroad, in that event he [the plaintiff] cannot recover," since the jury were instructed that if the train was started "without any negligence on the part of the railroad" there could be no recovery, was not an expression of opinion on the facts as to what would not constitute negligence on the part of the defendant. This charge was fairly adjusted to an issue in the case, since the jury had a right to infer from the evidence that if the train did stop as contended for by plaintiff, it was started in the usual course of things.

4. An assignment of error in a motion for a new trial, that the court, "after charging the jury on the measure of damages, refused to charge a request of the plaintiff in writing, as follows: 'Apportionment of damages as embodied in Code sections 2781 and section 4426,'" is defective as an exception to the refusal of the trial judge to give a pertinent legal charge in writing in the language requested, as provided in the Civil Code (1910), § 6084, since the request to charge did not contain a pertinent legal charge in appropriate language. This assignment of error excepts only to a refusal to charge in accordance with a request made at a certain time; and since it does not appear, from the assignment of error, that the trial judge failed elsewhere to give in charge the principle of law contended for, this assignment of error cannot be construed as an exception generally to a refusal on the part of the trial judge to give in charge the law relative to apportionment of

damages. If treated as a request to charge these two sections of the code, it was properly refused, since to charge these two sections of the code in immediate connection with each other, without proper explanation, is error. *Western & Atlantic R. Co.* v. *Rogers,* 104 *Ga.* 224 (30 S. E. 804). .

*Judgment affirmed. Jenkins, P. J., and Smith, J., concur.*

DECIDED SEPTEMBER 17, 1920.

Action for damages; from Richmond superior court — Judge Henry C. Hammond. July 29, 1919.

*Henry C. Roney,* for plaintiff. *Cumming & Harper,* for defendant.