*E. C. Collins, R. W. Barnes,* contra.

---

16114. LIME-COLA BOTTLING CO. *v.* ATLANTA & WEST POINT
RAILROAD CO.

BELL, J. 1. This being a suit against a railway company for injury to the plaintiff's truck (and other property being transported thereon), which injury occurred in a collision between the truck and the defendant's train at a public crossing, and one of the specifications of negligence being that the defendant violated the provisions of the blow-post law of August 19, 1918 (Ga. L. 1918, p. 212; Park's Ann. Code Supp. 1922, § 2677 (b)), the court erred in charging the jury as follows: "This act provides that the engineer shall, when he reaches the blow-post, blow two long and two short blasts of his whistle at intervals of five seconds between each blast. This act further provides that during this time the engineer shall keep a constant and vigilant lookout ahead. I charge you that you must give this act a practical application, and determine if the engineer can strictly comply with both of these requirements. If he can not, then it is your duty to determine if the engineer exercised reasonable care in complying therewith." The construction of a statute is the function of the court, and it was improper in this case to submit to the jury the question of whether the engineer could "strictly" or "practically" comply with the requirements of the statute in question. Even if the rule should here be applicable that "a substantial compliance with any requisite of the code or laws amendatory thereof . . . shall be deemed and held sufficient" (Civil Code of 1910, § 4 (6)), it should not be left to the jury to determine whether a party could or could not substantially comply therewith. But even assuming that the above excerpt could be construed as tantamount to an instruction that a substantial compliance with the statute by the railway company would be sufficient, the duty of compliance to that extent would be absolute, and the company would not have discharged the duty merely by the exercise of reasonable care to that end. See *Savannah &c. Ry. Co.* v. *Daniels,* 90 *Ga.* 608 (2) (17 S. E. 647, 20 L. R. A. 416); *Calhoun* v. *McLendon,* 42 *Ga.* 405.

(*a*) The fact that, upon a plea being filed by the defendant, alleging that the act in question was invalid because it was impossible for the engineer to measure the intervals between the blasts of ·the whistle and at the same time to keep a constant and vigilant lookout ahead, the plaintiff's counsel, in support of the validity of the statute, argued to the court "that it would be necessary for the engineer to give these requirements practical compliance," and "that the law would not require the engineer to time the spaces between each blast, as ·by a watch or clock," would not estop the plaintiff from complaining of such error in the charge of the court, in a subsequent motion for a new trial. *Martin* v. *Nichols*, 127 *Ga.* 705 (2) (56 S. E. 995); *Horton* v. *State*, 120 *Ga.* 307 (2) (47 S. E. 969).

2. Error is assigned upon the following charge: "In order for the plaintiff to be entitled to recover in this case, it must appear that the defendant was negligent in one or more of the ways complained of, and that this negligence was the direct and proximate cause of the injury to the plaintiff,—that is, if you find that the plaintiff company was damaged. You must further find that the plaintiff itself was not negligent, that it did not consent to the injury inflicted, that by the exercise of ordinary care it could not have avoided the consequences of the defendant's negligence, if you find that the defendant was negligent." The issues stated in the first sentence of this excerpt would seem to be inclusive of those submitted in the second sentence. It was confusing and erroneous to instruct the jury that the establishment of the latter issues in the plaintiff's favor in addition to the former would be necessary, in order to entitle the plaintiff to recover. Furthermore, the plaintiff was not to be barred from a recovery merely because there may have been some negligence on its part, provided the negligence of the plaintiff did not equal or exceed the negligence of the defendant. It was therefore improper to instruct the jury that the plaintiff must have been free from negligence before it could recover. Civil Code (1910), § 4426; *Americus &c. R. Co.* v. *Luckie*, 87 *Ga.* 6 (13 S. E. 105); *Thomas* v. *Gainesville &c. Ry. Co.*, 124 *Ga.* 748 (52 S. E. 801).

3. Under the facts of this case, in which it appears that the plaintiff's truck driven by its employee was traversing the railroad-track at a public crossing, and in which one of the acts of negligence charged against the defendant railway company was an alleged failure to comply with the blow-post law, it was erroneous to instruct the jury generally and without qualification that it was for them to determine "what was the duty of each of these parties and whether or not they performed their respective duties," and "what conduct on the part of the railroad company would amount to the exercise of ordinary care and diligence." Such instructions might possibly have been proper as to other alleged negligence, not consisting in the omission of acts whose performance was enjoined by law; but where an act of diligence is prescribed by law, the province of the jury in determining whether or not there was negligence would not include the function of finding what duty was owing, but would be limited to the ascertainment of whether the prescribed duty was violated.

The error in the charge here considered was accentuated by the instruction referred to in paragraph 1 above. *Platt* v. *Southern Photo Co.,* 4 *Ga. App.* 159 (2) (60 S. E. 1068); *White* v. *Knapp,* 31 *Ga. App.* 344 (5) (120 S. E. 790).

4. The court instructed the jury as follows: "Plaintiff must recover, if at all, only by proof of some one or more of the acts of negligence which it alleges and specifies in its petition as the cause of its injuries;" and also: "If the plaintiff shows, by a preponderance of the evidence, that the defendant was negligent in the ways specified in its petition, and that this negligence on the part of the defendant was the direct and proximate cause of its injury, then it would have carried the burden which the law puts upon it." *Held:* "It is.not incumbent upon the plaintiff, in a case where the injury complained of is caused by the running of the defendant's cars, to prove the allegation of negligence of the defendant by a preponderance of the evidence. *Killian* v. *Georgia R. Co.,* 97 *Ga.* 727 (3), 730 (25 S. E. 384); Civil Code (1910), § 2780." *Murphy* v. *Georgia Railway & Power Co.,* 146 *Ga.* 297 (1), 298 (91 S. E. 108). The excerpts complained of were erroneous; but since a new trial must result under the rulings in the preceding paragraphs, it is unnecessary to determine whether this error, standing alone, would be sufficient to require a new trial, in view of the entire charge. *South Georgia Ry. Co.* v. *Ryals,* 123 *Ga.* 330 (51 S. E. 428); *Griswold* v. *Macon Railway Co.,* 6 *Ga. App.* 1 (1) (63 S. E. 1132); *Pope* v. *Seaboard Air-Line Railway,* 21 *Ga. App.* 251, 255 (94 S. E. 311); *Central of Georgia Ry. Co.* v. *Deas,* 22 *Ga. App.* 425 (2) (96 S. E. 267). What is said here will apply equally to another instruction complained of.

5. The court erred in overruling the plaintiff's motion for a new trial.

    *Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED MAY 19, 1925.

Action for damages; from Campbell superior court—Judge Hutcheson. November 8, 1924.

*Harwell, Fairman & Barrett,* for plaintiff.

*Dorsey, Brewster, Howell & Heyman,* for defendant.