19879.  BARRETT *et al. v.* SOUTHERN RAILWAY COMPANY.

STEPHENS, J.  1. A person owning land with valuable improvements there-on near a railroad-track is under no duty to the railroad company to keep his own premises free from combustible trash and debris so as to prevent the spread of fire which might be set out from passing loco-motives.  *Atlantic Coast Line R. Co.* v. *Davis,* 5 *Ga. App.* 214 (62 S. E. 1022).

2. The mere negligence of a person who has suffered injury as a result of the negligence of another will not, as a matter of law, without reference to its degree as respects the negligence of the other person, and without reference to its character as proximately contributing to the injury, bar a recovery.  *Lime-Cola Bottling Co.* v. *Atlanta & West Point R. Co.,* 34 *Ga. App.* 103 (2) (128 S. E. 226).

3. On the trial of a suit against a railroad company to recover for dam-age to improvements on the plaintiffs' premises adjoining the railroad-track, caused by fire which, it was alleged, the defendant had negli-gently permitted to be set out by its trains, a charge by the court to the effect that if ordinary care required the plaintiffs to keep their premises free from such inflammable material, and they failed to exer-cise such care, they could not recover for any damage thus caused, al-though the defendant may have been negligent in the manner alleged, was error.  The charge excepted to was as follows:  "If ordinary care and caution would require the plaintiffs in this case to plow their fields and orchard and keep the filth down upon it so that it would not be exposed to fire that might originate either on the right of way of the Southern Railway Company, or elsewhere, and they fail to do that,— that is, if ordinary care required them to keep the premises free from sage and weeds, and keep them from accumulating on it, and they failed to do that, then they could not recover even though the defend-ant company and its agents may have been negligent and may have failed to use ordinary care."

4  It is the duty of a railroad company which operates engines that might set out fire along its track to exercise ordinary care to keep its track and right of way free from combustible material which might become ignited and transmit fire to adjacent property.  Where the railroad company fails to exercise ordinary care in this respect, it may never-theless be liable for damage by fire to adjacent property, proximately resulting from this negligence, although the company may have exer-cised the required care and diligence in the manner of operating its trains.  *Atlantic Coast Line R. Co.* v. *Davis,* supra.  The request to charge contained in ground 2 of the amendment to the motion for a new trial was adjusted to the pleadings and the evidence, and, not being covered by any matter in the charge given and having been timely made, its refusal was error.

5. A person who by his own act creates a fire on his premises is under a duty to owners of adjacent property to exercise ordinary care to prevent the spread of the fire to the adjacent property, and where he negligently fails to exercise this duty, and his negligence is the proxi-mate cause of damage to the adjacent property, he is liable to the

owner in damages therefor. The request to charge contained in ground 3 of the amendent to the motion for a new trial was adjusted to the pleadings and the evidence, and, not being covered by any matter in the charge given and having been timely made, its refusal was error.

6. Since the plaintiffs' petition bases their right to a recovery upon the alleged negligence of the defendant solely as it respects the fire as having originated from the operation of the defendant's trains, and since the evidence adduced upon the trial which tended to establish as a fact that the fire originated otherwise than from the operation of the defendant's trains and originated from having been set out on neighboring premises by the occupant thereof was, under the pleadings, relevant and admissible only as tending to relieve the defendant from responsibility as the originator of the fire, and its admission without objection by the defendant presented no issue respecting any duty resting upon the defendant to exercise any degree of care to prevent the spread from its road-bed and right of way of fire which did not originate from any act of the defendant, the request to charge the law as respects any liability which the plaintiffs' contended rested upon the defendant upon a failure by the defendant to exercise ordinary care to prevent the spreading of the fire from the defendant's railroad tracks was not pertinent to any issue presented by the pleadings and the evidence, and was therefore properly refused.

7. Although the plaintiff in a suit against a railroad company to recover damages for injuries alleged to have been caused by the operation of the defendant's trains carries the burden of establishing the alleged negligence of the defendant, upon proof alone that the alleged injury was caused by the operation of the defendant's train, yet since, as has been held by the Supreme Court (*Georgia, Southern & Florida R. Co.* v. *Young*, 119 *Ga.* 513, 46 S. E. 644), upon proof that the injury was caused by the operation of the defendant's train the burden is cast upon the defendant to overcome this presumption of negligence by a preponderance of the evidence, it is not error prejudicial to the plaintiff for the court to charge generally that the burden is on the plaintiff to establish the allegations of negligence by a preponderance of the evidence, where the court afterwards specifically instructs the jury that where it is made to appear that the injury complained of was caused by the operation of the defendant's train, a presumption arises that the defendant was negligent as alleged in the petition, and "the burden thereupon shifts" to the defendant to establish due care on its part by a preponderance of the evidence. *Murphy* v. *Georgia Railway & Power Co.*, 146 *Ga.* 297 (91 S. E. 108).

8. *Quære:* Is the rule announced in *G. S. & F. Railway Co.* v. *Young*, supra, affected by the decision of the Supreme Court of the United States in W. & A. Railway Co. *v.* Henderson, 279 U. S. 639 (49 S. Ct. 445, 73 L. ed. 884), decided May 27, 1929, or by the act of the legislature of this State approved August 24, 1929 (Ga. L. 1929, p. 315), relative to making proof of injury by a railroad-train prima facie evidence of want of due care by the railroad company?

9. While, on proof that an injury complained of was caused by the operation of a defendant railroad company's train, a presumption that the

72

injury resulted from the negligence of the defendant arises by statute (Civil Code of 1910, § 2780), and while, in the absence of evidence rebutting this presumption, a recovery for the plaintiff may be based upon negligence established by the presumption alone, yet where there is evidence, either positive or circumstantial, which would authorize an inference that the defendant railroad company was negligent, and which would authorize a recovery for the plaintiff, a verdict for the plaintiff could be sustained notwithstanding the presumption of negligence may have been removed from the case by the introduction of rebuttal testimony. There being in this case evidence from which the jury could have inferred that the defendant was negligent as alleged in the petition, a charge of the court that if the statutory presumption of negligence against the defendant "is rebutted, the plaintiffs could not recover," was error. See, in this connection, *Western & Atlantic R. Co.* v. *Henderson,* supra; *G. S. & F. Ry. Co.* v. *Sanders,* 111 *Ga.* 128 (38 S. E. 458); *Georgia Ry. &c. Co.* v. *Shaw,* 40 *Ga. App.* 341 (149 S. E. 657).

10. The refusal of the court to permit the plaintiffs' counsel to show by a witness for the defendant, on cross-examination, that the witness would receive payment from the defendant for attending the court and testifying in another case, was error. *Glover* v. *State,* 15 *Ga. App.* 44 (6) (82 S. E. 602).

11. There being evidence which would have authorized a verdict for the plaintiffs, and the court having erred as indicated, it was error, after a verdict was found for the defendant, to overrule the plaintiffs' motion for a new trial.

*Judgment reversed. Jenkins, P. J., and Bell, J., concur.*

DECIDED FEBRUARY 1, 1930.

*Mitchell & Mitchell,* for plaintiffs.
*Maddox, Sapp & Maddox,* for defendant.

