19896.  BUTLER *v.* CENTRAL OF GEORGIA RAILWAY CO.

DECIDED FEBRUARY 13, 1930.

*J. F. Urquhart, E. W. Maynard,* for plaintiff.

*Harris, Harris & Popper,* for defendant.

BELL, J.   G. L. Butler sued Central of Georgia Railway Company for a personal injury alleged to have been sustained by him when a coupling-pin fell upon him from an overhead bridge of the railway company while he was traveling along one of the public streets of the city of Macon in an automobile.   The amended declaration, upon which the case was tried, contained two counts, one alleging that the pin fell from a passing train, and the other that it dropped from the bridge.   The defendant denied the fact of the injury and

every allegation of negligence. The jury found a verdict in favor of the defendant, and the plaintiff has excepted to the overruilng of his motion for a new trial.

■ The plaintiff contended in his motion for a new trial that the court erred in charging the jury that before he would be entitled to recover it was incumbent upon him to sustain his contentions by a preponderance of the evidence, and that if the evidence for the plaintiff and that for the defendant was equally balanced, it would be the duty of the jury to return a verdict in favor of the defendant. It is assigned that this was not a correct statement of the law, in view of the provisions of the Civil Code, § 2780, as to the presumption of negligence. Upon an examination of the entire charge of the court as it is found in the record, it appears that the court further charged the jury that if they should find from the evidence that the pin fell and injured the plaintiff as alleged in the petition, a presumption would arise in the plaintiff's favor, "and the law in regard to that presumption is this: A railroad company shall be liable for any damage done to persons by the running of its locomotives or cars, unless the company shall make it appear that it has exercised ordinary care and reasonable care and diligence, the presumption in all such cases being against the railroad company. But this presumption is a disputable or rebuttable presumption, and may be rebutted or not by the evidence in the case, according to your determination of the evidence as it is adduced to you in the case."

The instant case was tried before the decision of the Supreme Court of the United States in Western & Atlantic Railroad v. Henderson, 279 U. S. 639 (49 Sup. Ct. 445, 73 L. ed. 884). It is unnecessary to determine what bearing if any, that case should have upon the question here presented. In view of the further instructions with reference to the presumption, the excerpt complained of did not contain reversible error, under the law as interpreted by the courts of this State prior to the decision in the Henderson case. Griswold v. Macon Railway & Light Co., 6 Ga. App. 1 (63 S. E. 1132) ; Howard v. Georgia Railroad, 25 Ga. App. 636 (104 S. E. 26) ; Lime Cola Bottling Co. v. Atlanta & West Point R. Co., 34 Ga. App. 103 (4) (128 S. E. 226) ; Murphy v. Georgia Railway & Power Co., 146 Ga. 297 (91 S. E. 108).

■ Error is also assigned upon the charge in reference to the

presumption of negligence, upon the ground that the court instructed the jury merely that if the pin was dislodged by the operation of the train, "then the presumption would be upon the defendant"; whereas the court should have instructed the jury that if the pin was dislodged by the operation of the train or by any employee of the defendant, the presumption would be against the company, the complaint being that the court "left out from the charge that the presumption would be against the company if an employee dislodged or dropped the pin." A complete answer to this contention is that the plaintiff did not allege that he was injured by the act of any employee of the defendant. The amended declaration on which the case was tried contained two counts. In the first count the plaintiff alleged that the pin was loose and unattached on the train and fell from the train as it crossed the bridge; in the other count he averred that the pin was lying upon the bridge, and was made to fall by the jar and vibration of the train. The petition was in no sense a suit "for damage done by any person in the employment and service of such company." Civil Code (1910), § 2780; *Talmadge* v. *Central &c. Ry Co.*, 125 *Ga.* 400 (3) (54 S. E. 128).

■ Error is assigned upon the following charge: "It is admitted in this case that the plaintiff was not negligent, that is, that he exercised ordinary care and diligence, but I charge you that if you believe that both the plaintiff and the defendant exercised ordinary care and diligence, then the plaintiff would not be entitled to a verdict at your hands; that is, if both parties, both the plaintiff and the defendant, exercised ordinary care and diligence, then I charge you that you should not bring a verdict against the defendant company, because in that event the law would attribute such injury and damage to an accident." The exception is that the court stated in one breath that it was admitted the plaintiff was not negligent, and in the next breath submitted to the jury the question whether he was negligent or not. There is no merit in this exception. The meaning of the instruction was substantially this: "The defendant admits that the plaintiff was in the exercise of ordinary care; if you find the defendant also exercised such care, there can be no recovery." Anyway, how could the plaintiff have been harmed? The jury hardly found that the plaintiff was negligent when the court had virtually told them that he was not.

The plaintiff complains also that the above excerpt submitted the theory and defense of accident, which it is claimed was not involved under the pleadings or the evidence. The defendant introduced evidence as to inspection both of the train and the bridge, and the jury could have found that it had done all that a person of ordinary prudence should have done to prevent occurrences of the kind in question. The evidence therefore authorized the inference that the plaintiff's injury was due to "accident" in the sense that it occurred without fault of either party. *Lee* v. *Central Railroad &c. Co.,* 86 *Ga.* 231 (12 S. E. 307). It can not be said that the answer did not include the defense of accident. It was permissible to prove such a defense under a plea that the defendant was not negligent. *Savannah Electric Co.* v. *Jackson,* 132 *Ga.* 559 (4) (64 S. E. 680) ; *Howard* v. *Georgia Ry. & Power Co.,* 35 *Ga. App.* 273 (3) (133 S. E. 57).

What has been said in this connection will dispose of exceptions to other portions of the court's charge submitting the theory of accident as a defense.

■ The court further charged the jury as follows: "The defendant in this case admits that the plaintiff was not guilty of negligence, but you must not understand from my remarks that the defendant admits that the accident occurred as set out in the plaintiff's petition. He simply admits that the plaintiff, in riding along in an automobile that day, was not negligent." It is contended that the court here used the word "accident" in the sense of a happening which occurred without the fault of either party, and thus in effect told the jury that the plaintiff was injured as the result of an accident, without any fault on the part of the defendant. It is apparent that the court was using the word in a different sense from that in which it was employed in the excerpt set forth in the preceding division of this opinion, and if we make due allowance for the presumed intelligence of jurors, we must conclude that they, like other men, will understand that a word may be used in different senses in the same discourse, and that, too, in phrases or sentences in close position to each other. In the excerpt last quoted above the term "accident" was evidently used in the sense of injury, and the jury must have so understood. *Ivey* v. *Louisville & Nashville R. Co.,* 18 *Ga. App.* 434 (3) (89 S. E. 629). Nor do we think the jury could have been misled by the court's use

of the word "accident" in other portions of the charge excepted to upon the same ground.

■ The plaintiff claims to have received his injury on June 15, 1928. The trial was in January, 1929. The plaintiff offered to prove by certain witnesses that they went upon the top of the bridge two or three days before the trial and found a piece of iron on one of the beams, from which it could have fallen into the street, and that there were "bolts, iron, screws and nuts down at the bottom of the bridge." The plaintiff himself offered to testify that about two and a half months after he was hurt he went back to the scene of his alleged injury and found bolts and pieces of iron in the street below the bridge, "either one of which would have produced serious injury if it had fallen on a person under that bridge." Again, the plaintiff offered to prove by a former inspector of the defendant company that he had seen loose coupling-pins lying upon the oil boxes, sills and tops of freight cars of the railroad company. All of the evidence here alluded to was excluded upon objection of the defendant, and the several rulings of the court in reference to the same are assigned as error in separate grounds of the motion for new trial.

It is insisted that the evidence not only tended to establish that the defendant was negligent as charged in the petition, but would have afforded ground for impeaching the defendant's track-walker, who testified favorably to the defendant with respect to the condition of the bridge at or about the time of the plaintiff's injury.

It is the general rule that in a suit for personal injuries the defendant's negligence can not be shown by evidence of similar acts or omissions on other and different occasions, and the proferred evidence did not show any reason for making an exception to such rule in the instant case. *Western & Atlantic R. Co. v. Slate*, 23 *Ga. App.* 225 (2) (97 S. E. 878); *City of Dalton v. Humphries*, 139 *Ga.* 556 (3) (77 S. E. 790). Such facts being irrelevant and immaterial, proof of the same would not have been admissible for the purpose of impeachment.

In this opinion we have not dealt specifically with each and every ground of the motion for a new trial, but the rulings made will cover all grounds, whether expressly referred to or not.

The evidence fully warranted the verdict found in behalf of the defendant, and no error of law appears to have been committed.

*Judgment affirmed.  Jenkins, P. J., and Stephens, J., concur.*