## 21508. Holmes *v.* Georgia Power Company.

Stephens, J. 1. The presumption of negligence on the part of a railroad company which arises upon proof of an injury inflicted by the operation of locomotives or cars of the company, whether it arises by virtue of the provisions of the act approved August 24, 1929 (Ga. L. 1929, p. 315), or of section 2780 of the Civil Code of 1910 when construed in conformity to the decision of the Supreme Court of the United States in Western & Atlantic Railroad *v.* Henderson, 279 U. S. 639 (49 Sup. Ct. 445, 73 L. ed. 884), vanishes upon the introduction of testimony in rebuttal of this presumption, and the question of negligence is then one for the jury from all the evidence; and the burden rests upon the plaintiff to establish the alleged negligence of the defendant by a preponderance of the evidence. See, in this connection, *Seaboard Air-Line Railway Co.* v. *Fountain,* 173 *Ga.* 593 (160 S. E. 789); *Barrett* v. *Southern Railway Co.,* 41 *Ga. App.* 70 (7) (151 S. E. 690); *Georgia Railway & Power Co.* v. *Shaw,* 40 *Ga. App.* 341 (149 S. E. 657); If in *Killian* v. *Georgia Railroad & Banking Co.,* 97 *Ga.* 727 (25 S. E. 384); *Georgia, Southern & Florida Railway Co.* v. *Young,* 119 *Ga.* 513 (46 S. E. 644); *Murphy* v. *Georgia Railway & Power Co.,* 146 *Ga.* 297 (91 S. E. 108); *Lime-Cola Bottling Co.* v. *Atlanta & West Point Railroad Co.,* 34 *Ga. App.* 103 (128 S. E. 226), and other decisions of the Supreme Court and of this court, rendered prior to the date of the decision in the Henderson case and the passage of the act of 1929, there appears any ruling to the contrary, such ruling has been superseded by that decision and the provisions of that act.

2. Upon the trial of a suit against a street-railway company, in which the plaintiff sought to recover damages for personal injuries alleged to have been sustained by her when thrown to the ground from the steps of a street-car by a negligent jerk or movement of the car when she was in the

act of alighting, where there was evidence that the car did not make a sudden jerk or movement and that the plaintiff did not fall from the car, but stumbled and fell after she had safely alighted from the car and was proceeding on her way, the presumption of negligence, as provided by the act of 1929, or by section 2780 of the Civil Code of 1910, which had arisen against the defendant upon the introduction of evidence that the plaintiff was injured by the operation of the defendant's car, vanished and disappeared, and the question of negligence became one for determination from all the evidence, without reference to the statutory presumption; and the court did not err in charging the jury that the burden rested upon the plaintiff to sustain the allegations of the petition by a preponderance of the evidence.

3. Where, in a suit to recover damages for personal injuries alleged to have been caused by the negligence of the defendant, the evidence presents an issue of fact as to whether the plaintiff was injured by the negligence of the defendant, the failure of the plaintiff to use ordinary care and diligence to prevent the injury,—which is negligence,—does not, without reference to the degree of the plaintiff's negligence or to the proximate connection of the plaintiff's negligence with the plaintiff's injury, bar a recovery. The court therefore erred in charging the jury that if they believed, from the evidence, that the plaintiff did not use ordinary care and diligence, she would not be entitled to recover. *Thomas* v. *Gainesville & Dahlonega Electric Railway Co.*, 124 *Ga.* 748 (52 S. E. 801); *Lime-Cola Bottling Co.* v. *Atlanta & West Point Railroad Co.*, 34 *Ga. App.* 103 (2) (128 S. E. 226).

4. Where there is no allegation in the petition or inference from the evidence that the defendant street-railway company was negligent in not affording the plaintiff, who was a passenger upon its car, a safe place to alight, it appears conclusively and without contradiction from the evidence that if the plaintiff was injured by stumbling in the street after having alighted from the defendant's car, she was not at the time of the injury a passenger of the defendant. It is immaterial and harmless to the plaintiff for the court to charge the jury in effect that the plaintiff ceased to be a passenger of the defendant after she had alighted from the car.

5. Where there is evidence that the plaintiff stumbled and fell after she had safely alighted from the car, the evidence authorizes the inference that the plaintiff's injuries were due to an accident. A charge of the court that if both the plaintiff and the defendant exercised the legally required degree of care, the plaintiff could not recover, and the injury would be attributed to an accident, was not error upon the ground that the evidence failed to present an issue as to whether the plaintiff's injuries were the result of an accident.

6. Where the presumption of negligence on the part of a railroad company, arising upon proof that the plaintiff's injuries were caused by the operation of the locomotives or cars of the company, as provided by the act approved August 24, 1929 (Ga. L. 1929 p. 315), has been removed from the case by the introduction of testimony rebutting this presumption, it is not error for the court to fail to charge the provisions of this act.

7. The court having erred in the charge as indicated in paragraph 3 above, it was error to overrule the plaintiff's motion for a new trial.

*Judgment reversed. Jenkins, P. J., and Bell, J., concur.*

DECIDED JANUARY 15, 1932.

*Hallie B. Bell, Julian F. Urquhart,* for plaintiff.
*Ellis & Fowler,* for defendant.